**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-286-JWD-EWD** |
| **FCA US LLC** | |

## NOTICE AND ORDER REGARDING DEFENDANT'S MOTION TO QUASH SUBPOENAS AND FOR A PROTECTIVE ORDER

Before the Court is Defendant FCA US LLC's Motion to Quash Subpoenas and for a Protective Order (the "Motion").[1] In the Motion, Defendant seeks a protective order and an order quashing two subpoenas propounded by Plaintiff commanding testimony and the production of documents in this matter from William Soria Janina, III, a non-testifying consulting expert hired by Defendant.[2] As of the date of this Notice and Order, Plaintiff has not filed an opposition to the Motion. The Motion has been referred to the undersigned for disposition.

Federal Rule of Civil Procedure 26(c)(1) provides:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.

In the Motion, Defendant asserts that "it has in good faith conferred or attempted to confer with counsel for the Plaintiff in an effort to resolve this discovery dispute without court action, but

---
[1] R. Doc. 16.
[2] *Id.*; *See*, R. Doc. 16-1 at p. 1.

the dispute remains unresolved."[3]  However, the Court finds that a supplemental certification is necessary to meet the requirements of Federal Rule of Civil Procedure 26(c)(1).

**IT IS ORDERED** that Plaintiff and Defendant must confer as required by Federal Rule 26(c)(1).[4]

**IT IS FURTHER ORDERED** that Defendant shall file into the record in this matter a supplemental certification for the Motion on or before **Friday, February 23, 2018**.  The supplemental certification shall specifically set forth (1) how the conference required by this Notice and Order was scheduled and agreed upon, (2) who participated in the conference, (3) when the conference took place, (4) whether the conference was conducted by phone or in person, (5) the duration of the conference, (6) the specific, itemized topics that were addressed at the conference, and (7) whether any issues were resolved by the parties, and, if so, the terms of the resolution.

**IT IS FURTHER ORDERED** that if the conference required by this Notice and Order completely resolves the Motion, Defendant shall file a Motion to Withdraw the Motion no later than **February 23, 2018**.

**IT IS FURTHER ORDERED** that if the conference required by this Notice and Order does not resolve the Motion, Plaintiff must file any memorandum in opposition no later than **March 2, 2018**.

Plaintiff and Defendant are hereby **NOTIFIED** that the Court will not consider the Motion until the required supplemental certification is filed into the record.  Failure to timely file the additional certification will result in dismissal of the Motion without further notice.

---

[3] R. Doc. 16 at p. 1.
[4] To the extent counsel have conferred prior to filing the Motion, this Notice and Order requires an additional conference.

Notwithstanding the fact the parties have sought court intervention, the Court remains confident that an additional conference will enable the parties to resolve many, if not all, of the issues raised in the Motion

    Signed in Baton Rouge, Louisiana, on February 12, 2018.

                                        **ERIN WILDER-DOOMES**
                                        **UNITED STATES MAGISTRATE JUDGE**