UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUISIANA FARM BUREAU<br>CASUALTY INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 17-286-JWD-EWD |
| FCA US LLC | |

### ORDER

Before the Court is a Motion for Leave to File First Supplemental and Amending Complaint (the "Motion"), filed by plaintiff Louisiana Farm Bureau Casualty Insurance Company ("Louisiana Farm Bureau").[1] On or about April 12, 2017, Louisiana Farm Bureau filed a Petition for Damages in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, against FCA US LLC.[2] FCA US LLC removed the matter to this Court on May 3, 2017 on the basis of diversity jurisdiction, 28 U.S.C. § 1332.[3] Louisiana Farm Bureau filed the instant Motion on February 20, 2018, seeking to add Denso International America, Inc. as an additional defendant in this matter.[4] However, the proposed Plaintiff's First Supplemental and Amending Complaint[5] (the "First Amended Complaint") fails to adequately allege the citizenship of the parties. The proposed First Amended Complaint contains the following allegations regarding citizenship:

> **NOW INTO COURT**, through undersigned counsel, comes **LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY,** a domestic insurance corporation authorized to do and doing business in the State of Louisiana and, as subrogee of Richard

---

[1] R. Doc. 22.
[2] R. Doc. 1-2.
[3] R. Doc. 1 at ¶ 1.
[4] R. Doc. 22.
[5] R. Doc. 22-7.

& Dale Duhon Farms, DDB Operations LLC and 3-D Sugar Farms, who, with respect, represents as follows:

1.

Made defendants herein are:

**FCA US LLC**, a foreign corporation, authorized to do and doing business in the State of Louisiana with its principal business establishment located in the Parish of East Baton Rouge, State of Louisiana.

**DENSO INTERNATIONAL AMERICA, INC**., a foreign corporation authorized to do and doing business in the State of Louisiana incorporated in Delaware with its principal place of business sin Southfield, Michigan. Denso International America, Inc. manufactured, marketed, sold and/or suppled alternators and/or its component parts that were purchased and distributed throughout the United States.[6]

Because this matter was removed to this Court based upon diversity jurisdiction under 28 U.S.C. § 1332, proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction. Citizenship has not been adequately alleged in the proposed First Amended Complaint. While the citizenship of Denso International America, Inc. has been adequately alleged,[7] the citizenship of Louisiana Farm Bureau and FCA US LLC has not been properly alleged. With respect to Louisiana Farm Bureau, which is alleged to be a domestic insurance corporation, the Fifth Circuit has held that, "For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing 28 U.S.C. § 1332(c)). Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c).

---

[6] R. Doc. 22-7 at Introductory Paragraph and ¶ 1.
[7] For purposes of diversity, "A corporation is a citizen of its place of incorporation and its principal place of business." 28 U.S.C. § 1332(c).

Although the proposed First Amended Complaint alleges that FCA US LLC is "a foreign corporation," the Notice of Removal alleges that FCA US LLC is a limited liability company.[8] If FCA US LLC is in fact a limited liability company, the Fifth Circuit has held that for purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See, Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civ. A. No. 06-88-A, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Louisiana Farm Bureau shall have seven (7) days from the date of this Order to file a motion to substitute the proposed Plaintiff's First Supplemental and Amending Complaint[9] with a proposed pleading that is a comprehensive amended complaint (*i.e.*, it may not refer back to or rely on any previous pleading) that includes all of Louisiana Farm Bureau's numbered allegations, as revised, supplemented, and/or amended, and adequately alleges the citizenship of all parties, which will become the operative complaint in this matter without

---

[8] R. Doc. 1 at ¶ 6.
[9] R. Doc. 22-7.

reference to any other document in the record.

    Signed in Baton Rouge, Louisiana, on February 21, 2018.

                                            **ERIN WILDER-DOOMES**
                                            **UNITED STATES MAGISTRATE JUDGE**