# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY** | **CIVIL ACTION NO.** |
| **VERSUS** | **17-286-JWD-EWD** |
| **FCA US LLC** | |

## TELEPHONE CONFERENCE REPORT AND ORDER

A telephone conference was held before Magistrate Judge Erin Wilder-Doomes on March 7, 2018 with the following participants:

> **PRESENT:** **Adrienne D. Rachel**
> Counsel for plaintiff,
> Louisiana Farm Bureau
> Casualty Insurance
> Company
>
> **Gary G. Hebert**
> **Charles S. Smith**
> **Zlatina Georgieva**
> Counsel for defendant,
> FCA US LLC
>
> **Kay A. Theunissen**
> Counsel for Intervenor
> Plaintiffs, 3-D Sugar
> Farms, Inc. and Richard
> And Dale Duhon Farms,
> LLC

The undersigned discussed with counsel the pending Defendant FCA US LLC's Motion to Quash Subpoenas and for a Protective Order[1] and Intervenor Plaintiffs' Motion to Compel.[2] The Motion to Quash has been fully briefed.[3]

With regard to the Motion to Quash, the undersigned advised counsel that the supplemental certification of conference was required[4] to ensure that the obligations of FRCP 37 are met prior to the filing of a discovery motion. The undersigned noted that the Supplemental Certification of Conference filed in this matter[5] indicated that the conference was conducted by telephone and

---

[1] R. Doc. 16
[2] R. Doc. 27.
[3] R. Doc. 43 (opposition memorandum).
[4] R. Doc. 17.
[5] R. Doc. 32.

CV38aT0:50

lasted less than six minutes. Counsel were encouraged to make further efforts to resolve the issues raised in the Motion to Quash.

With regard to the Motion to Compel, counsel for FCA and counsel for Intervenor Plaintiffs advised that they had conferred prior to the conference and that FCA has provided supplemental discovery responses, which resolved many of the issues raised in the Motion to Compel. The undersigned provided guidance with regard to the outstanding issues, particularly Intervenor Plaintiffs' request for information regarding other lawsuits, claims and consumer complaints related to Recall S68 and the request for responses to contention interrogatories.[6]

Based on the discussions,

**IT IS ORDERED** that the Motion to Compel[7] is **DENIED without prejudice** to reurging. To the extent the Motion to Compel is reurged, movants need only advise of the outstanding issues remaining and need not provide additional briefing regarding those issues unless necessary. Any reurged Motion to Compel on the issues raised in R. Doc. 27 shall be filed no later than **March 29, 2018**.

IT IS FURTHER ORDERED the parties are to confer with regard to the issues raised in the Motion to Quash. To the extent the additional conference resolves the issues raised in the Motion to Quash, the movant shall file a Motion to Withdraw the Motion to Quash by no later than **March 29, 2018**.

Signed in Baton Rouge, Louisiana, on March 9, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] The undersigned referred counsel to a recent ruling that encompassed an attempt to compel responses to contention interrogatories prior to the close of fact discovery in *Firefighters' Retirement System, et al. v. Citco Group Limited, et al.,* 13-373-SDD-EWD, R. Doc. 410, as a ruling that may be instructive.
[7] R. Doc. 27.