UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 17-286-JWD-EWD |
| FCA US LLC | |

**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S MOTION TO QUASH SUBPOENAS AND FOR A PROTECTIVE ORDER**

Plaintiff, Louisiana Farm Bureau Casualty Insurance Company, respectfully submits this Sur-Reply to Defendant's Motion to Quash Subpoenas and for a Protective Order.

Plaintiff wishes to clarify that it in no way intended to suggest that FCA is an insurance company; however, FCA is self-insured and engages in conduct similar to that of an insurance company by developing a protocol for the receipt and documentation of claims and the handling of same. For this reason, Plaintiff cited to jurisprudence dealing with insurance claims. The cases cited indicate that investigations into a claim prior to the company making a decision about the claim is subject to discovery. These types of investigations have consistently been held to be conducted in the ordinary course of business. Moreover, FCA has submitted supplemental discovery responses further indicating they routinely conduct investigations into complaints similar to the one at issue here. Attached as Exhibit A to this Sur-Reply are thirty-four (34) examples of FCA taking investigative steps into claims similar to that of an insurance company.

1

On March 16, 2018, FCA produced thirty-four (34) Customer Assistance Inquiry Reports ("CAIR reports") in which it was alleged by a customer that his or her vehicle subject to Recall S68 caught on fire or had any other thermal event, including smoke, melting, overheating, etc.[1] (Exhibit A). A review of these CAIR reports shows a pattern in the handling of each claim.[2] First, the customer calls to report the fire or other thermal event and a CAIR report is generated. The claim is then referred to an attorney. Each of the attached CAIR reports indicate that: "Per the OGC (Office of General Counsel) Matrix, the claim is reassigned to 82T" (attorney). Shortly thereafter, the attorney "Request EAA (Engineering Analysis Associates)[3] Inspection and an "E-mail [is] Sent to EAA."[4] As indicated in the affidavit submitted by FCA, Engineering Analysis Associates (EAA) is an investigating firm contracted by FCA and is the same firm Mr. Janin was employed by at the time of the joint inspection of the vehicle at issue here.[5] After the investigation is conducted, a report is issued and the file is then returned to SI (Special Investigations) for resolution.

This evidence contradicts FCA's statement that an investigation is only conducted "when deemed appropriate under the circumstances" as the CAIR reports show that an investigation was conducted in **each and every one** of these instances. The CAIR reports clearly shows that there

---

[1] This information was produced as part of FCA's Supplemental Response to Intervenors' Request for Production Number 2. As indicated in Intervenors' initial Motion to Compel (R. Doc. 18), FCA initially objected to the production of this information and, therefore, it was not available at the time Plaintiff's Memorandum in Opposition to Defendant's Motion to Quash and Protective Order was due on March 5, 2018. (R. Doc. 43)

[2] The pertinent sections of the CAIR reports made a part of Exhibit A have been highlighted for easy reference.

[3] *See*, Affidavit of Kris W. Kruegar at page 2, para. 9. (R. Doc. 31-1).

[4] EAA was hired in each of the other claims regarding Recall S68 except in regards to CAIR # 2577670 (FCAUS 002651) when Dekra was engaged to conduct the inspection. Also, at first glance it appears that an investigation was not conducted by EAA in CAIR #21650769 (FCAUS 003925); however, further searching revealed that two CAIR reports were opened pursuant to this claim (FCAUS 0004055) confirming that EAA was sent to investigate this claim as well. (Exhibit A).

[5] *See*, Affidavit of Kris W. Kruegar at page 2, para. 9. (R. Doc. 31-1).

is a standardized procedure whereby FCA automatically assigns fire cases and/or cases involving recalls to FCA's Office of General Counsel who then orders EAA to conduct an investigation and then issue a report. Thus, Plaintiff respectfully submits that FCA ordered the investigation report at issue as part of its ordinary course of business, rather than in anticipation of litigation.

FCA also produced additional evidence that contradicts its assertion that the purpose for the investigation and the creation of the investigation report is to "prepare FCA US in anticipated future litigation, which can and often does result from events involving FCA US's vehicles, such as occurred in this case."[6] In response to discovery seeking the disclosure of lawsuits arising out of similar instances, this case was the only lawsuit disclosed. (Exhibit B).

It also appears the investigation report by William Janin was simply a standardized form provided by FCA to Mr. Janin for him to complete. This form entitled "Fire Investigation Report" was produced by FCA as part of its supplemental discovery responses regarding prior complaints involving fire incidents relative to Recall S68. (Exhibit C). The fact that FCA formulated a standard form for their investigators to complete further shows that the investigation and the report completed by Mr. Janin was part of FCA's ordinary course of business.

As further evidenced by the supplemental information produced, FCA has developed a procedure for processing and handling claims relative to the products they manufacture. This process includes a standard procedure of referring fire and recall cases, such as the case at issue, to an attorney within their Office of General Counsel who acts as a claims adjuster by sending EAA Investigations to inspect the vehicle and complete a Fire Investigation Report developed and utilized by FCA. The attorney then makes a decision about the claim based on the investigation, and refers the matter back to Special Investigations for further handling. For these reasons, the

---

[6] R. Doc. 31-1 at p. 2, para. 8.

investigation and report completed by William Janin was part of FCA's the ordinary business practices thereby subjecting Mr. Janin and his report to discovery.

    Respectfully submitted,

**/s/Matthew L. Mann**
**MATTHEW L. MANN (#31851)**
**ADRIENNE D. RACHEL (#34391)**
**ELLEN MILETELLO KINNEY (#34679)**
Porteous, Hainkel & Johnson, L.L.P.
301 St. Charles Street
Baton Rouge, LA  70802
Telephone:  (225) 383-8900
Mmann@phjlaw.com

**CERTIFICATE OF SERVICE**

I certify that on April 13, 2018, a copy of the above Sur-Reply was filed electronically with the Clerk of Court for the Middle District of Louisiana using the Court's CM/ECF system. A copy of this pleading was contemporaneously served on counsel for all parties by electronic means and notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Matthew L. Mann
**MATTHEW L. MANN**